# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** DAVE & BUSTER'S MANAGEMENT
*(AVISO AL DEMANDADO):* CORPORATION, INC., a corporation; and DOES
1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ERVIN ESPINOZA, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* himself and others similarly
situated,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> E-FILED
> 4/13/2018 11:04 AM
> Clerk of Court
> Superior Court of CA,
> County of Santa Clara
> 18CV326529
> Reviewed By: E. Fang
> Envelope: 1410279

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court for the County of Santa Clara - Downtown Superior Court<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):* 18CV326529 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. & Andrea Rosenkranz, Esq.       T: 310-432-0000       F: 310-432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211

| | | | | |
|---|---|---|---|---|
| DATE: *(Fecha)* 4/13/2018 11:04 AM | Clerk of Court | Clerk, by *(Secretario)* E. Fang | , Deputy *(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Dave & Busters Management Corporation, Inc., a Corporation

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

16

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** DAVE & BUSTER'S MANAGEMENT
*(AVISO AL DEMANDADO):* CORPORATION, INC., a corporation; and DOES
1 to 100, inclusive,

E-FILED
4/13/2018 11:04 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV326529
Reviewed By: E. Fang
Envelope: 1410279

**YOU ARE BEING SUED BY PLAINTIFF:** ERVIN ESPINOZA, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* himself and others similarly
situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court for the County of Santa Clara - Downtown Superior Court
191 North First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 18CV326529

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. & Andrea Rosenkranz, Esq.     T: 310-432-0000     F: 310-432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211

DATE:     4/13/2018 11:04 AM     Clerk of Court     Clerk, by _____ E. Fang _____, Deputy
*(Fecha)*                        *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

E-FILED
4/13/2018 11:04 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV326529
Reviewed By: E. Fang

1  Joseph Lavi, Esq. (State Bar No. 209776)
   jlavi@lelawfirm.com
2  Andrea Rosenkranz, Esq. (State Bar No. 301559)
   arosenkranz@lelawfirm.com
3  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd. Suite 200
4  Beverly Hills, California 90211
   Telephone: (310) 432-0000
   Facsimile: (310) 432-0001
5
   Attorneys for Plaintiff
6  ERVIN ESPINOZA, on behalf of himself and others similarly situated

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SANTA CLARA

10

11 ERVIN ESPINOZA, on behalf of himself and          Case No. 18CV326529
   others similarly situated,
12                                                    **CLASS ACTION**
               PLAINTIFF,
13                                                    **PLAINTIFF ERVIN ESPINOZA'S**
   vs.                                                **COMPLAINT FOR DAMAGES AND**
14                                                    **EQUITABLE RELIEF FOR**
   DAVE  &  BUSTER'S  MANAGEMENT
15 CORPORATION, INC., a corporation; and      1.      **FAILURE TO PROVIDE MEAL**
   DOES 1 to 100, inclusive,                          **PERIODS AND MEAL PERIOD**
16                                                    **PREMIUM WAGES IN**
               DEFENDANTS.                            **VIOLATION OF LABOR CODE**
17                                                    **SECTIONS 226.7 & 512 AND THE**
                                                      **WAGE ORDERS;**
18
                                              2.      **FAILURE TO PROVIDE REST**
19                                                    **PERIODS AND REST PERIOD**
                                                      **PREMIUM WAGES IN**
20                                                    **VIOLATION OF LABOR CODE**
                                                      **SECTION 226.7 AND THE WAGE**
21                                                    **ORDERS;**

22                                            3.      **FAILURE TO PROVIDE**
                                                      **ACCURATE WAGE**
23                                                    **STATEMENTS IN VIOLATION OF**
                                                      **LABOR CODE SECTION 226 AND**
24                                                    **THE WAGE ORDERS;**

25                                            4.      **FAILURE TO TIMELY PAY**
                                                      **FINAL WAGES IN VIOLATION**
26                                                    **OF LABOR CODE SECTIONS 201**
                                                      **& 202; and**
27
                                              5.      **UNFAIR COMPETITION IN**
28                                                    **VIOLATION OF BUSINESS &**

─────────────────────────────────────────
**PLAINTIFF'S COMPLAINT FOR DAMAGES**
1

PROFESSIONS CODE SECTION 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff ERVIN ESPINOZA ("Plaintiff"), on behalf of himself, the general public, and all others similarly situated alleging and complaining against Defendants DAVE & BUSTER'S MANAGEMENT CORPORATION, INC., a corporation; and DOES 1 to 100, inclusive, (hereinafter collectively referred to as "Defendants") as follows:

## INTRODUCTION

1.      This is a class action lawsuit seeking unpaid wages and interest thereon for Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages; failure to provide legally compliant rest periods and/or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employee all earned and unpaid wages due upon separation of employment; applicable civil penalties; injunctive relief and other equitable relief; and reasonable attorney's fees, pursuant to Labor Code Section 226(e); costs, pursuant to Labor Code Section 218.5; and interest, pursuant to Labor Code Section 218.6, brought on behalf of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff and the Class Members' claims for Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages; failure to provide legally compliant rest periods and/or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employee all earned and unpaid wages due upon separation of employment; and claims for injunctive relief and restitution under California Business & Professions Code Section 17200 *et seq.* for the following reasons: Plaintiff's lawsuit seeks permanent injunction and damages for himself and the Class Members in excess of $25,000; more than two-thirds of the putative class members are California citizens; the principal violations of California law occurred in California; Defendants employed putative class members in Santa

1    Clara County, including at 940 Great Mall Drive, Milpitas, CA 95035; the conduct of Defendants

2    forms a significant basis for Plaintiff's and the Class Members' claims; and Plaintiff and the Class

3    Members seek significant relief from Defendants.

**PARTIES**

5        3.      Plaintiff brings this action on behalf of himself and other members of the general

6    public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action

7    is filed are current, former and/or future employees of Defendants who worked, work, or will work

8    for Defendants as non-exempt hourly employees in California. At all times mentioned herein, the

9    named Plaintiff is and was domiciled and a resident and citizen of California and was employed by

10   Defendants in a non-exempt position within the 4 years prior to the filing of the complaint. The

11   named Plaintiff is no longer an employee of Defendants.

12       4.      Defendants employed Plaintiff as an hourly non-exempt employee from on or around

13   May 23, 2016, until on or around February 16, 2018.

14       5.      Plaintiff is informed and believes and thereon alleges that Defendant DAVE &

15   BUSTER'S MANAGEMENT CORPORATION, INC. is authorized to do business within the State

16   of California and is doing business in the State of California and/or that Defendants DOES 1 to 50

17   are, and at all times relevant hereto were, members and/or managers of Defendant DAVE &

18   BUSTER'S MANAGEMENT CORPORATION, INC. who were acting on behalf of Defendant

19   DAVE & BUSTER'S MANAGEMENT CORPORATION, INC. in the establishment of, or

20   ratification, of, the aforementioned illegal payroll practices or policies. At all times mentioned

21   herein, Defendant DAVE & BUSTER'S MANAGEMENT CORPORATION, INC. employed

22   numerous hourly paid employees in Santa Clara County.

23       6.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1

24   through 25 are corporations, or are other business entities or organizations of a nature unknown to

25   Plaintiff.

26       7.      Plaintiff is further informed and believes and thereon alleges that Defendants DOES

27   1 through 25 are corporations, or are other business entities or organizations of a nature unknown to

28   Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day

1    aspects of the employment and workplaces behavior of the employees of DAVE & BUSTER'S

2    MANAGEMENT CORPORATION, INC.

3        8.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 26

4    through 50 are individuals unknown to Plaintiff. Each of the individual defendants is sued

5    individually and in his or her capacity as an agent, shareholder, owner, representative, manager,

6    supervisor, independent contractor and/or employee of each Defendant and had operational control

7    for Defendants.

8        9.    Plaintiff is unaware of the true names of Defendants DOES 1 to 100 and therefore

9    sues said Defendants by said fictitious names, and will amend this complaint when the true names

10   and capacities are ascertained or when such facts pertaining to liability are ascertained, or as

11   permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

12   named defendants is in some manner responsible for the events and allegations set forth in this

13   complaint.

14       10.    Plaintiff is informed, believes, and thereon alleges that at all relevant times, each

15   Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

16   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

17   predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

18   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

19   of the other defendants so as to be liable for their conduct with respect to the matters alleged in this

20   complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted

21   pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

22   each defendant knew or should have known about, authorized, ratified, adopted, approved,

23   controlled, aided and abetted the conduct of all other defendants. As used in this complaint,

24   "Defendant" means "Defendants and each of them," and refers to the Defendants named in the

25   particular cause of action in which the word appears and includes Defendants DAVE & BUSTER'S

26   MANAGEMENT CORPORATION, INC. and DOES 1 to 100.

27       11.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

28   employee, and/or joint venturer of each of the other defendants and was acting within the course and

1    scope of said conspiracy, agency, employment, and/or joint venture and with the permission and

2    consent of each of the other Defendants.

3        12.    Plaintiff is informed and believes and thereon alleges that there exists such a unity of

4    interest and ownership between Defendants DAVE & BUSTER'S MANAGEMENT

5    CORPORATION, INC. and DOES 1 to 100, that the individuality and separateness of Defendants

6    have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so

7    mixed and intermingled that the same cannot reasonably be segregated, and the same are in

8    inextricable confusion. Defendant DAVE & BUSTER'S MANAGEMENT CORPORATION, INC.,

9    is and at all times relevant hereto was, used by Defendants DOES 1 to 100, as a mere shell and

10   conduit for the conduct of Defendants DOES 1 to 100's affairs and was undercapitalized during

11   such use. The recognition of the separate existence of Defendants would not promote justice, in that

12   it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly,

13   Defendants constitute the alter ego of each other and the fiction of their separate existence must be

14   disregarded.

15       13.    Plaintiff makes the allegations in this complaint without any admission that, as to any

16   particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

17   reserves all of Plaintiff's rights to plead in the alternative.

18                    **DESCRIPTION OF ILLEGAL PAY PRACTICES**

19       14.    Pursuant to the applicable Industrial Welfare Commission Wage Order ("Wage

20   Order"), codified at California Code of Regulations title 8, Section 11040, Defendants and business

21   entities sued as DOES 1-100 were employers of Plaintiff within the meaning of the applicable Wage

22   Order and applicable California Labor Code Sections. Therefore, Defendants are jointly and

23   severally liable for the wrongs complained of herein in violation of the Wage Order and the

24   California Labor Code.

25       15.    **Failure to provide non-exempt employees with legally compliant meal periods**

26   **and/or pay non-exempt employees wages to compensate them for workdays Defendants failed**

27   **to provide legally compliant meal periods:** Defendants often employ non-exempt employees,

28   including the named Plaintiff and all others similarly-situated, for shifts of 10 hours or more in

length. California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. Lab. Code § 512. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the tenth hour of work. *Id.* If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. *Id.*

16.    Plaintiff and similarly situated employees would work on workdays in shifts of between 5 hours and more than 10 hours in length entitling them to two meal periods under California law. Defendants maintained a policy, practice, and/or procedure, however, that failed to provide for legally compliant first and/or second uninterrupted, duty-free 30-minute meal periods when non-exempt, hourly employees worked between 5 and 10 or more hours in a day, throughout the class period. Defendants also failed to provide the employees with premium wages for these non-compliant meal periods. Defendants' failure to provide the employees with legally compliant meal periods was in violation of Labor Code Section 226.7 and the IWC Wage Orders. Accordingly, Defendants owe each hourly employee wages for these non-compliant meal periods.

17.    **Failure to provide non-exempt employees with legally compliant rest periods and/or pay non-exempt employees wages to compensate them for workdays Defendants failed to provide legally compliant rest periods:** Defendants often employ non-exempt employees, including the named Plaintiff and all others similarly-situated, for shifts longer than 3.5 hours in in length. California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. ... If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Wage order 5, subd. 12; *see* Lab. Code § 226.7. Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in

length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 5, subd. 12. Rest periods must be in the middle of each work period. Wage Order 5, subd. 12.

18.     Plaintiff and similarly situated employees would work on workdays in shifts between three and one-half hours and more than 10 hours entitling them to three rest periods under California law. Defendants maintained a policy, practice, and/or procedure, however, that failed to provide non-exempt, hourly employees with one 10-minute paid rest period for when they worked a shift of three and one-half to six hours in length, two 10-minute paid rest periods for when they worked a shift of more than six hours up to 10 hours in length, and/or three 10-minute paid rest periods for when they worked a shift of more than 10 hours up to 14 hours in length. Defendants also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all legally compliant rest periods. Defendants' failure to provide the employees with rest periods was in violation of Labor Code Section 226.7 and the IWC Wage Orders. Defendants owe each of their hourly employees for these unpaid rest period wages.

19.     **Pay Stub Violations:** California Labor Code Section 226(a) provides (*inter alia*) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

20.     Defendants failed to provide accurate and complete wage statements to Plaintiff and

other non-exempt, hourly employees. Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages and failure to provide legally compliant rest periods and/or pay rest period premium wages resulted in Defendants providing their non-exempt, hourly employees with inaccurate itemized wage statements in violation of Labor Code Section 226(a) because they did not reflect all of the employees' earnings. This intentional inaccurate information prevented Plaintiff and other non-exempt, hourly employees from knowing the actual wages and calculating their actual wages which resulted in Plaintiff and other hourly class members to suffer actual damages.

21.    **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation:** An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code § 201) or within 72 hours of resignation (Lab. Code § 202). Plaintiff resigned from his position with Defendant on or about February 16, 2018. Defendants, however, failed to pay Plaintiff and other non-exempt, hourly employees with all wages, including premium pay for any and all missed meal periods and/or rest periods, during their employment and never paid these amounts after Plaintiff and other non-exempt, hourly employees separated employment with Defendants. As a result, Defendants failed to provide all separated employees whose employment ended within three years prior to the filing of the Complaint all earned and unpaid wages.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

22.    This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure Section 382 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed classes are ascertainable.

23.    Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.    **Meal Period Class:** All current and former non-exempt, hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least 5 hours in a workday and did not receive wages to compensate them for non-compliant first

1   and/or second meal periods.

2        B.     **Rest Period Class**: All current and former non-exempt, hourly employees

3   employed by Defendants in California at any time within the four years prior to the filing of the

4   initial complaint in this action and through the date notice is mailed to a certified class who worked

5   more than three and one-half (3.5) hours in a day yet Defendants did not provide required rest

6   periods of ten net minutes rest time for every four hours worked between three and one-half (3.5)

7   and six hours, six and ten hours, ten and fourteen hours.

8        C.     **Wage Statement Class**: All current and former non-exempt, hourly

9   employees employed by Defendants in California at any time within four years prior to the filing of

10   the initial complaint in this action and through the date notice is mailed to a certified class who

11   received inaccurate and/or incomplete itemized wage statements.

12        D.     **Waiting Time Class**: All current and former non-exempt, hourly employees

13   employed by Defendants in California at any time within four years prior to the filing of the initial

14   complaint in this action and through the date notice is mailed to a certified class whose employment

15   ended and they did not receive payment of all unpaid wages within the statutory time period after

16   separation of employment.

17        E.     **California Class**: All aforementioned classes are here collectively referred to

18   as the "California Class."

19        24.     All Classes are here collectively referred to as "California Class".

20        25.     There is a well-defined community of interest in the litigation and the classes are

21   ascertainable:

22        A.     **Numerosity:** The Plaintiff classes are so numerous that the individual joinder

23   of all members is impractical under the circumstances of this case. While the exact number of class

24   members in each class is unknown to Plaintiff at this time, Plaintiff is informed and believes and

25   thereon allege that, in California, each class has over 100 members.

26        B.     **Common Questions Predominate:** Common questions of law and fact exist

27   as to all members of the Plaintiff classes and predominates over any questions that affect only

28   individual members of each class. The common questions of law and fact include, but are not

limited to:

(i)    Whether Defendants unlawfully failed to provide the Meal Period Class with proper meal periods or an hour wage for every day such periods were not provided;

(ii)    Whether Defendants unlawfully failed to provide the Rest Period Class with proper rest periods or an hour wage for every day such breaks were not provided;

(iii)    Whether Defendants unlawfully failed to furnish the Wage Statement Class with proper accurate itemized wage statements;

(iv)    Whether Defendants failed to provide the Waiting Time Class with all unpaid wages within the statutory time period following separation of employment;

(v)    Whether Defendants violated Business & Professions Code Section 17200, *et seq.* by their wage and hour practices, furnishing of correct itemized wage statement practices, indemnification practices, as well as, payment at the time of separation practices;

(vi)    Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with their claims; and

(vii)    Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

(viii)    Plaintiff anticipates that Defendants' affirmative defenses will raise additional common issues of fact and law.

C.    **Typicality:** Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and the members of the Meal Period Classes sustained damages arising out of Defendants' failure to provide legally compliant meal periods and/or meal period premium wages. Plaintiff and the members of the Rest Period Class sustained damages arising out of Defendants' failure to provide legally compliant rest periods and/or rest period premium wages. Plaintiff and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with proper Itemized Wage Statements. Plaintiff and the members of the Waiting Time and Class sustained damages arising out of Defendants' failure to provide all wages due upon the end of their employment.

D.    **Adequacy of Representation:** Plaintiff will fairly and adequately protect the

1  interests of the members of each class.  Plaintiff has no interest that is adverse to the interests of the
2  other class members.  Plaintiff has retained counsel competent and experienced in complex class
3  action litigation and Plaintiff intends to prosecute this action vigorously.   The interests of the
4  members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

5          E.    **Superiority:** A class action is superior to other available means for the fair
6  and efficient adjudication of this controversy. Because individual joinder of all members of each
7  class is impractical, class action treatment will permit a large number of similarly situated persons to
8  prosecute their common claims in a single forum simultaneously, efficiently, and without the
9  unnecessary duplication of effort and expense that numerous individual actions would engender.
10  The expenses and burdens of individual litigation would make it difficult or impossible for
11  individual members of each class to redress the wrongs done to them, while important public
12  interests will be served by addressing the matter as a class action. The cost to and burden on the
13  court system of adjudication of individualized litigation would be substantial, and substantially
14  more than the costs and burdens of a class action. Individualized litigation would also present the
15  potential for inconsistent or contradictory judgments.

16          F.    **Public Policy Consideration:** Employers throughout the state violate wage
17  and hour laws. Current employees are often afraid to assert their rights out of fear of direct or
18  indirect retaliation. Former employees are fearful of bringing actions because they perceive their
19  former employers can blacklist them in their future endeavors through negative references and by
20  other means. Class actions provide the class members who are not named in the Complaint with a
21  type of anonymity that allows for vindication of their rights.

22  <u>**FIRST CAUSE OF ACTION**</u>
23  **FAILURE TO PROVIDE MEAL PERIODS AND MEAL PERIOD PREMIUM WAGES IN**
24  **VIOLATION OF LABOR CODE SECTIONS 226.7 & 512 AND THE WAGE ORDERS**
25  **(On Behalf of the Meal Period Class against All Defendants and Does 1-100)**

26      26.    Plaintiff hereby incorporates by reference paragraphs 1-25 above, as if fully set
27  herein.

28      27.    At all relevant times, Plaintiff and members of the Meal Period Class were non-

exempt, hourly employees of Defendants covered by Labor Code Sections 226.7 & 512 and the IWC Wage Orders.

28.    Pursuant to Labor Code Sections 226.7 & 512 and the IWC Wage Orders, an employer is required to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. Lab. Code § 512. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the tenth hour of work. *Id.* If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. *Id.*

29.    Plaintiff is informed and believes and thereon alleges that Plaintiff and members of the Meal Period Class would work on workdays in shifts of between 5 hours and more than 10 hours in length entitling them to two meal periods under California law. Defendants maintained a policy, practice, and/or procedure, however, that failed to provide for legally compliant first and/or second uninterrupted, duty-free 30-minute meal periods when non-exempt, hourly employees worked between 5 and 10 or more hours in a day, throughout the class period. Defendants also failed to provide Plaintiff and members of the Meal Period Class with premium wages for these for these non-compliant meal periods.

30.    Despite that California law requires employers to provide employees with timely and uninterrupted meal periods when they have worked a sufficient amount of hours, Plaintiff is informed and believes and thereon alleges that Defendants did not provide Plaintiff and members of the Meal Period Class with legally compliant first and/or second meal periods.

31.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid an hour wage for every meal period which they did not properly receive.

32.    Pursuant to Labor Code Sections 226.7 and 512, Plaintiff and members of the Meal Period Class are entitled to recover the full amount of unpaid meal period wages, interest thereon, and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS AND REST PERIOD PREMIUM WAGES IN
### VIOLATION OF LABOR CODE SECTION 226.7 AND THE WAGE ORDERS
#### (On Behalf of the Rest Period Class against All Defendants and Does 1-100)

33.    Plaintiff hereby incorporates by reference paragraphs 1-32 above, as if fully set herein.

34.    At all relevant times, Plaintiff and members of the Rest Period Class were non-exempt, hourly employees of Defendants covered by Labor Code Section 226.7 and the IWC Wage Orders.

35.    Pursuant to Labor Code Section 226.7 and the IWC Wage Orders, Plaintiff and members of the Rest Period Class were entitled to receive rest periods of 10-net minutes for every four hours, or major fraction thereof, worked.  If Plaintiff and members of Rest Period Class did not receive rest periods for every four hours, or major fraction thereof, worked in a day, Defendants were required to pay them one hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided.

36.    Plaintiff is informed and believes and thereon alleges that Plaintiff and members of the Rest Period Class would work on workdays in shifts between three and one-half hours and more than 10 hours entitling them to three rest periods under California law.  Defendants maintained a policy, practice, and/or procedure, however, that failed to provide non-exempt, hourly employees with one 10-minute paid rest period for when they worked a shift of three and one-half to six hours in length, two 10-minute paid rest periods for when they worked a shift of more than six hours up to 10 hours in length, and/or three 10-minute paid rest periods for when they worked a shift of more than 10 hours up to 14 hours in length.

37.    Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants' policies and procedures were to not provide employees with legally compliant rest periods and to not pay employees one hour of pay at the employees' regular rate of pay for each workday that all legally compliant rest periods were not provided.

38.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid an hour wage for every rest period which they did not properly receive.

39.    Pursuant to Labor Code Section 226.7 and the IWC Wage Orders, Plaintiff and members of the Rest Period Class are entitled to recover the full amount of unpaid rest period wages, interest thereon, and costs of suit.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226 AND THE WAGE ORDERS

**(On Behalf of the Wage Statement Class against All Defendants and Does 1-100)**

40.    Plaintiff hereby incorporates by reference paragraphs 1-39 above, as if fully set herein by reference.

41.    At all relevant times, Plaintiff and members of the Wage Statement Class were employees of Defendants covered by Labor Code Section 226 and the IWC Wage Orders.

42.    Pursuant to Labor Code Section 226, subdivision (a), and IWC Wage Orders, Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement which included, but not limited to, the following: (a) gross wages earned; (b) the total hours worked by the employee; (c) net wages earned; (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and (e) the name and address of the legal entity that is the employer.

43.    Defendants failed to provide accurate and complete wage statements to Plaintiff and members of the Wage Statement Class.  Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages and failure to provide legally compliant rest periods and/or pay rest period premium wages resulted in Defendants providing their non-exempt, hourly employees with inaccurate itemized wage statements in violation of Labor Code Section 226(a) because they did not reflect all of the employees' earnings.  This intentional inaccurate information prevented Plaintiff and members of the Wage Statement Class from knowing the actual wages and

1    calculating their actual wages which resulted in Plaintiff and members of the Wage Statement Class

2    to suffer actual damages.

3          44.     Defendants' failure to provide Plaintiff and members of the Wage Statement Class

4    with accurate wage statements was knowing and intentional. Defendants had the ability to provide

5    Plaintiff and members of the Wage Statement Class with accurate wage statements but intentionally

6    provided wage statements that Defendants knew were not accurate.

7          45.     As a result of Defendants' conduct, Plaintiff and members of the Wage Statement

8    Class have suffered injury. The absence of accurate information on their wage statements has

9    prevented earlier challenges to Defendants unlawful pay practices, required discovery and

10    mathematical computations to determine the amount of wages owed, caused difficulty and expense

11    in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate

12    information about wages and amounts deducted from wages to state and federal government

13    agencies.

14          46.     Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage

15    Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the

16    applicable limitations period in which a violation of Labor Code Section 226 occurred and one

17    hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to

18    exceed an aggregate penalty of four thousand (4,000) dollars per employee.

19          47.     Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement

20    Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and

21    reasonable attorney's fees.

22          48.     Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Wage

23    Statement Class are entitled to recover the full amount of penalties due under Labor Code Section

24    226(e), reasonable attorney's fees and costs of suit.

25    //

26    //

27    //

28    //

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY FINAL WAGES IN VIOLATION OF LABOR CODE SECTIONS 201 & 202

**(On Behalf of the Waiting Class against All Defendants and Does 1-100)**

49.     Plaintiff hereby incorporates by reference paragraphs 1-48 above, as if fully set herein.

50.     At all relevant times, Plaintiff and members of the Waiting Time Class were employees of Defendants covered by Labor Code Sections 201 or 202.

51.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to separation of employment.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.   Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

52.     Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation in accordance with Labor Code Sections 201 and/or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of failing to pay premium wages for all non-compliant meal periods and failing to pay premium wages for all non-compliant rest periods.

53.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation timely in accordance with Labor Code Sections 201 and/or 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and members of the Waiting Time Class prior to separation in accordance with Labor Code Sections 201 and/or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and/or 202. When Defendants failed to pay Plaintiff and members of the Waiting Time Class timely upon separation all wages earned prior to separation, Defendants knew what they were

1    doing and intended to do what they did.

2         54.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting

3    Time Class are entitled to all wages earned prior to separation of employment that Defendants did

4    not pay them.

5         55.    Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time

6    Class are entitled to continuation of their wages, from the day their earned and unpaid wages were

7    due upon separation of employment until paid, up to a maximum of 30 days.

8         56.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class

9    have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

10    earned prior to separation of employment.

11         57.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class

12    have suffered damages in an amount, subject to proof, to the extent they were not paid all

13    continuation wages owed under Labor Code Section 203.

14         58.    Pursuant to Labor Code Sections 201, 202, and 203, Plaintiff and members of the

15    Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation

16    wages under Section 203, interest thereon, reasonable attorney's fees and costs of suit.

## NINTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF BUSINESS & PROFESSIONS CODE

### SECTION 17200, *et seq.*

**(On Behalf of the California Class against All Defendants and Does 1-100)**

21         59.    Plaintiff hereby incorporates by reference paragraphs 1-58 above, as if fully set

22    herein by reference.

23         60.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

24    within the meaning of California Business and Professions Code Section 17200. This unfair conduct

25    includes Defendants' use of policies and procedures which resulted in their failure to provide legally

26    compliant meal periods and/or pay meal period premium wages; to provide legally compliant rest

27    periods and/or pay rest period premium wages; and to provide accurate itemized wage statements.

28         61.    Due to their unfair and unlawful business practices in violation of the California

1  Labor Code, as outline above, Defendants have gained a competitive advantage over other

2  comparable companies doing business in the State of California that comply with their obligations

3  to provide legally compliant meal periods and/or pay meal period premium wages; to provide

4  legally compliant rest periods and/or pay rest period premium wages; and to provide accurate

5  itemized wage statements.

6       62.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and

7  members of the Meal Period Class, Rest Period Class, Wage Statement Class, and/or Waiting Time

8  Class have suffered injury in fact and lost money or property, as described in more detail above.

9       63.    Pursuant to California Business and Professions Code Section 17203, Plaintiff and

10  members of the Meal Period Class, Rest Period Class, Wage Statement Class, and/or Waiting Time

11  Class are entitled to restitution of all wages and other monies rightfully belonging to them that

12  Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business

13  practices.

14       64.    Plaintiff also seeks an injunction against Defendants on behalf of members of the

15  California Class enjoining them, and any and all persons acting in concert with them, from engaging

16  in each of the unlawful practices, policies and patterns set forth herein.

17       65.    Plaintiff and members of the California Class also seeks attorneys' fees and costs of

18  suit, including but not limited to that recoverable under California Code of Civil Procedure Section

19  1021.5.

20  **PRAYER FOR RELIEF**

21  **ON ALL CAUSES OF ACTION:**

22       1.    That the Court determine that this action may be maintained as a class action (for the

23  entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil

24  Procedure Section 382 and any other applicable law;

25       2.    That the named Plaintiff be designated as class representative for the California Class

26  (and all sub-classes thereof);

27       3.    A declaratory judgment that the practices complained herein are unlawful;

28       4.    An injunction against Defendants enjoining them, and any and all persons acting in

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
18

concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Code of Civil Procedure Section 1021.5.

### ON THE FIRST CAUSE OF ACTION:

1.    That the Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wages Orders as to Plaintiff and the Meal Period Class;

2.    For damages, according to proof, including unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code Section 218.6, and post-judgment interest; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SECOND CAUSE OF ACTION:

1.    That the Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wages Orders as to Plaintiff and the Rest Period Class;

2.    For damages, according to proof, including unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code Section 218.6, and post-judgment interest; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE THIRD CAUSE OF ACTION:

1.    That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 226(e) and any other legally applicable damages or penalties;

3.    For pre-judgment interest and post-judgment interest;

PLAINTIFF'S COMPLAINT FOR DAMAGES
19

4.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 226(e); and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FOURTH CAUSE OF ACTION:

1.    That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 203 and any other legally applicable damages or penalties;

3.    For pre-judgment interest, including under Labor Code Section 218.6, and post-judgment interest; and

4.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FIFTH CAUSE OF ACTION:

1.    That the Defendants be found to have violated Business and Professions Code Section 17200 for the conduct alleged herein as to Plaintiff and all Classes;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

//

//

//

//

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
20

1

2    Dated: April 12, 2018                Respectfully submitted,
                                          **LAVI & EBRAHIMIAN, LLP**
3

4

5                                         By: _____

6                                              Joseph Lavi, Esq.
                                               Andrea Rosenkranz, Esq.
7

8                                         Attorneys for Plaintiff
                                          ERVIN ESPINOZA, on behalf of
9                                         himself and others similarly situated.

10                        **DEMAND FOR JURY TRIAL**

11        Plaintiff ERVIN ESPINOZA demands a trial by jury for himself and the California Class on

12

13   all claims so triable.

14   Dated: April 12, 2018                Respectfully submitted,
                                          **LAVI & EBRAHIMIAN, LLP**
15

16

17

18                                        By: _____
                                               Joseph Lavi, Esq.
19                                             Andrea Rosenkranz, Esq.

20                                        Attorneys for Plaintiff
                                          ERVIN ESPINOZA, on behalf of
21                                        himself and others similarly situated

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (State Bar No. 209776)<br>Andrea Rosenkranz, Esq. (State Bar No. 301559)<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Boulevard, Suite 200<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 310-432-0000    FAX NO.: 310-432-0001<br>ATTORNEY FOR *(Name):* Ervin Espinoza and those similarly situated, Plaintiff | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 4/13/2018 11:04 AM**<br>**Reviewed By: E. Fang**<br>**Case #18CV326529**<br>**Envelope: 1410279** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Ervin Espinoza v. Dave & Buster's Management Corporation, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 18CV326529 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* 5 - Meal & Rest Period Violations, LC §§ 201, 202, & 226; B&P § 17200, et seq.

5. This case [x] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 13, 2018

Andrea Rosenkranz, Esq.
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition